CERTIORARI to a justice of the peace.
Record. Amor Frame vs. William Moore; action on a lost note; debt $15 41. November 16, 1841, summons, appearance, trial by referees, report and judgment for plaintiff for $15 38.
The exception was, that the cause of action was not cognizable before a justice of the peace.
The defendant also alledged diminution, because the magistrate had not returned the special cause of action by certifying whether any copy or description in writing of the alledged lost note was filed, and, if so, returning the same.
Whiteley, for plaintiff below. — The cause of action was properly within the magistrate's jurisdiction. An action may be had at law on a lost bill or note. (Chitty on Bills, 127-9, (290;) 12 Mod. 310; 1 Barn, Adol. 538.)
J. A. Bayard, for defendant. — Wherever the party is entitled to indemnity there cannot be a suit at law, for a court of law cannot enforce indemnity. A note payable to the holder, or so indorsed as to be transferable to a bona fide holder, cannot be sued upon in a court of law if lost before due, although indemnity has been tendered. (1 Chitty on Bills, 198; 2 Camp. 211, Pierson
vs. Hutchinson) The record in this case ought to have set out the note, so as to show whether it was such as entitled the party to indemnity. It does not show enough to sustain the action.
Whiteley. — The, cause of action was cognizable before the magistrate generally; under certain circumstances the suit might have been defeated, as where it appeared that the note was of a particular description, and was lost before due. But the court will not presume this. They will rather presume in support of the record. An action at law may well be brought on a lost note. This is such an action, and there was an appearance, trial by referees, report and judgment for the plaintiff. Had the suit been open to the objections now made, it is fair to presume they would have been made below. It is not the case of a want of jurisdiction, where, I admit every thing must appear by the record that is necessary to give the jurisdiction, (2Harr. Rep. 345;) but it is a case of admitted jurisdiction, with alledged *Page 428 
circumstances of defence, to take it out of the cognizance of this or any other court of law. These were matters of evidence below.
If a fuller record would have shown this state of things, the plaintiff in the certiorari should have acted on his allegation of diminution, and brought up a more perfect record.
 Judgment affirmed.